**Dragan MITROVIC, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–41209–AG.**

United States Court of Appeals, Second Circuit.

Oct. 7, 2005.

Sam Gjoni, New York, NY, for Petitioner.

Peter O'Malley, Assistant United States Attorney, (Neil R. Gallagher, Assistant United States Attorney, of counsel, Christopher J. Christie, United States Attorney, District of New Jersey, on the brief), United States Attorney's Office for the District of New Jersey, Newark, NJ, for Respondent.

PRESENT: MESKILL, CABRANES, Circuit Judges, and NEVAS, District Judge.*

### SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

Dragan Mitrovic, a native and citizen of Serbia and Montenegro, petitions this Court for review of a December 3, 2003 order of the Board of Immigration Appeals ("BIA"), affirming a June 12, 2002 oral decision of an Immigration Judge ("IJ"). The IJ denied petitioner's request for a waiver of the requirement to file a joint petition along with his estranged former spouse to remove the conditional basis of his permanent resident status, pursuant to 8 U.S.C. § 1186a(c)(4)(B).

Petitioner asserts that the IJ erred in finding that petitioner failed to provide sufficient evidence to establish (1) that he entered into his earlier marriage to a U.S. citizen "in good faith"; and (2) that he would face "extreme hardship" in the event of his removal to the former Yugo-

---

* The Honorable Alan H. Nevas, United States District Judge for the District of Connecticut, sitting by designation.

slavia. Petitioner contends, *inter alia,* that the IJ gave too little weight to documents tending to show the *bona fides* of petitioner's marriage, improperly refused to take the testimony of an expert witness whose conclusions were summarized in a report that was admitted into evidence, and erroneously declined to take judicial notice that there was a civil war underway in the former Yugoslavia during the time when petitioner's marriage occurred.

We defer to the IJ's factual findings if they are supported by substantial evidence, *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Under the substantial evidence standard, "we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.* (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

Upon our review of the BIA's order and the record as a whole, we hold that the IJ's determination—that petitioner failed to carry his burden of proving either that his removal would result in "extreme hardship" or that he entered into his marriage with a U.S. citizen "in good faith"—is supported by substantial evidence.

Because the instant petition must be denied on the merits and because the factual record does not lend itself to a further inquiry concerning the extent of our jurisdiction in this area, we pretermit the important question of whether, in light of 8 U.S.C. § 1252(a)(2)(B)(ii), we even have jurisdiction to review the BIA's denial of a petitioner's request for waiver under 8 U.S.C. § 1186a(c)(4) on the basis of its determination that the alien's earlier marriage to a U.S. citizen was not "entered into in good faith" and that no "extreme hardship" would result if such alien were removed.

\* \* \* \*

Having considered all of petitioner's arguments and found each of them to be without merit, we **DENY** the petition for review.